## Webb's Estate.

*Wills—Construction—Division of residue—Children.*

Where a testator directs that the residue of his estate shall be divided into five equal parts in accordance with an appraisement, and held in trust, to pay to each of his four daughters, naming them, one-fifth of the income for life and after their decease the principal to be paid to their respective children, but if either dies without children then her share to be in like manner held on the same trust for his remaining children, and further directs in a separate clause that one-fifth of the residue shall be assigned after the appraisement to his son, naming him, absolutely, a share of a deceased daughter who dies without children will be divided share and share alike among the four surviving children of the testator, including the son.

Argued Nov. 23, 1915.   Appeals, Nos. 104, 105, 107, 108 and 118, Oct. T., 1915, by Julia L. Bickel, from decree of O. C. Philadelphia Co., Oct. T., 1885, No. 281, dismissing exceptions to adjudication in Estate of Samuel Webb, deceased.   Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ.   Affirmed.

Exceptions to adjudication.
The opinion of the Superior Court states the cases.

*Errors assigned* were in dismissing exceptions to adjudication.

*Maurice Bowers Saul,* with him *Wendell P. Bowman* and *John G. Johnson,* for appellants.—The word "Item" at the beginning of the paragraph containing the gift of one-fifth of the residue to the testator's son, Hiram, indicates the introduction of an entirely new gift, separate and distinct from what has gone before: Lethieullier v. Tracy, 3 Atk. 774; Pearson v. Rutter, 3 D. M. & G. 398; Horwitz v. Norris, 60 Pa. 261; White's Est., 6 Pa. C. C. R. 260.

The presumption in favor of equality and the unbending general rule of law that an heir is not to be disinherited except by express devise or necessary implication, both of which are relied upon by the auditing judge, can have no application in a case where the testator's intention is as clearly expressed as here: Horwitz v. Norris, 60 Pa. 261; Line's Est., 221 Pa. 374; Thompson's Est., 229 Pa. 542; Thomas' Est., 241 Pa. 290.

*Walter E. Rex,* for appellee, cited: Bruckman's Est., 195 Pa. 363.

OPINION BY RICE, P. J., April 17, 1916:

The only clauses of the will of Samuel Webb, deceased, that need be noticed in the determination of these appeals read as follows: "Item,—As to all the rest, residue and remainder of my estate, I will, devise and direct that my executors or the survivor of them shall have and hold the same in trust for the following purposes, viz: To immediately after my decease select two disinterested persons who shall by themselves select a third who shall together appraise and value the whole of my estate, real and personal, and upon such appraisement the same shall be divided into five equal parts which shall be held by my executors or the survivor of them in trust to collect and receive all rents, issues and profits of the estate, real, personal and mixed, and invest and keep invested the same from time to time and pay over to each of my children, viz: My daughters, as follows, viz: Amanda, wife of John Cresson; Ann, wife of Lewis Eppelsheimer; Emma, wife of William Wilson; Eliza, wife of Oliver Hemphill, one-fifth of the same net rents, interest and income for and during all the term of their lives and from and after their decease or the decease of any one of them, then the principal thereof shall be paid, assigned and conveyed to their respective children, but if either dies without children then her share shall be in like manner held by my executors or the survivor on

the same trusts as above set forth for my remaining children.

"Item,—One-fifth of my said estate shall be assigned, transferred and conveyed after the appraisement unto my son Hiram, his heirs and assigns absolutely."

ElizaHemphill, the last survivor of the four daughters, died leaving no children, and at the adjudication of the account filed by the Northern Trust Company, substituted trustee for her under the will of Samuel Webb, claim was made by the representatives of the three deceased daughters that the principal of Eliza Hemphill's one-fifth share of the trust estate, upon her death without issue, passed to them to the exclusion of the estate of Hiram Webb. The auditing judge, as well as the court upon exceptions to his adjudication, rejected this claim, sustained the claim of the trustee under the will of Hiram Webb, deceased, and awarded to him one-fourth of the fund for distribution. From this decree the representatives of the three deceased daughters of Samuel Webb took these several appeals. The question is as to the intention of the testator in the use of the words, "but if either (daughter) dies without children then her share shall be in like manner held by my executors or the survivor on the same trusts as above set forth for my remaining children." If the testator had meant to exclude his son Hiram it seems highly improbable that he would have used the word "children" instead of "daughters." When it is considered further that giving to the word its natural meaning tends to equality, and that substituting for it the word daughters tends to inequality, the conclusion is irresistible that the construction adopted by the court carries out the actual intent of the testator. We have not overlooked the argument of appellant's counsel based on the words "on the same trusts as above set forth." But even if it be conceded that these words raise a doubt—and that is all that can be contended—it is not sufficient to overthrow the presumption arising from the other considerations to which we have referred.

The decree is affirmed, and it is further ordered that the costs of each of these several appeals be paid by the appellant or appellants therein.

The opinion in the above mentioned case was written by Judge RICE to whom the case was duly assigned for that purpose during his term of office, and is now adopted as the opinion of the court.